UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                              Case No. 22–cr–20278
                                              HON. SHALINA D. KUMAR

Anthony D. Gutek,

      Defendant.

_____

**Defendant's Sentencing Memorandum and
Request for a Downward Variance**

Defendant, Anthony D. Gutek, represented by attorney Elias J. Escobedo, Jr., submits his Sentencing Memorandum for this Honorable Court's review before sentencing.

**I.**     **The charges and presentence proceedings.**

Defendant Gutek was charged with being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g)(1). (Indict., ECF No. 1, PageID.1).

On September 27, 2022, Gutek pleaded guilty to being a prohibited person in possession of a firearm pursuant to a Rule 11 Plea Agreement. (ECF No. 21, PageID.47).

## II. Scoring the Sentencing Guidelines.

The U.S. Probation Department calculated the Sentencing Guideline range to be 30–37 months: offense level 17 and criminal history category III. (ECF No. 22, PageID.72, 75, 87).

## III. Factors to be considered under 18 U.S.C. § 3553(a).

The Sentencing Guidelines are no longer mandatory but advisory. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S. Ct. 738, 756-57 (2005).

"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). The Court, in determining the particular sentence to be imposed, shall consider the factors in 18 U.S.C. § 3553(a)(1)–(7), which the defense addresses as follows.

### (a)(1) The nature and circumstances of the offense and the history and characteristics of the defendant

Gutek agreed to the following factual basis to support his plea in the Rule 11 agreement:

On September 30, 2021, in the Eastern District of Michigan, Anthony Gutek knowingly possessed a firearm, specifically a Taurus, model G2C, 9mm caliber pistol. That day, Michigan State Police officers conducted a traffic stop of Gutek's vehicle for several violations, including using a handheld device while driving, failure to maintain proper lane, and operating a vehicle without a visible registration plate. A trooper contacted Gutek, who was the driver and sole occupant of the vehicle. The trooper advised Gutek that he saw Gutek holding his phone while driving, which Gutek admitted. The trooper asked Gutek if he had any firearms in the vehicle. After initially stating that he did not, Gutek stated: "I do have protection with me." Gutek then admitted to having a weapon under his seat. Gutek also said that he did not have a concealed pistol license. Based on Gutek's answers, a trooper conducted a search of the vehicle which revealed a Taurus G2C 9mm semiautomatic pistol, bearing S/N: ACG000473, which was manufactured outside the state of Michigan and therefore possessed in and affecting interstate commerce.

Gutek has prior felony convictions for offenses punishable by a term of incarceration exceeding one year. Gutek was convicted in Lincoln County Superior Court, North Carolina, of Felony Larceny on August 20, 2007; and in Broome County Court, New York, of Attempted Robbery on September 16, 2014. On September 30, 2021, Gutek knew he had a prior felony conviction. [Rule 11, ECF No. 21, PageID.49–50.]

Anthony Gutek is a single, 45-year-old man who was raised in Michigan with his sister, Tracey Weston, who lives in Clarkston, Michigan. Gutek lived with his

parent's alcohol abuse, and he received physical discipline as punishment while growing up. His parents divorced when he was 12-years-old.

Gutek has an 11-year-old daughter with April Fiorini, who lives in New York. Fiorini stated that "Anthony is a good father when he is around. He is a really good person at heart, and a hard worker." (PSIR, ECF No. 22, PageID.80).

Gutek suffered a work-related injury to his lungs while performing mold remediation. He suffered chemical pneumonia after grinding mold from a basement for too many hours without replacing his mask filters. Gutek suffered cardiac arrest and low oxygen levels. He has multiple lung nodules.

On February 13, 2022, Gutek received a CTA coronary arteries chest read radiology, a diagnostic imaging service, at Beaumont for chest pain. The results found that "[t]here is suboptimal enhancement of the pulmonary arterial system, limiting evaluation of segmental and subsegmental pulmonary emboli." Additional findings were "[m]ultiple noncalcified pulmonary nodules in both lungs, largest in the right middle lobe measures 8mm. Largest perifissural nodule along the left major fissure in the lower lobe measures 5 mm. Small cluster of cystic changes along the right minor fissure. Mild bibasilar atelectasis, right greater than left" and "[p]rominent bronchial wall thickening in both lower lobes."

**(a)(2) The need for the sentence imposed—**
**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**.

Gutek understands that his possession of a firearm is a serious offense. Gutek has been in custody since July 5, 2022. A sentence of time served would promote respect for the law and provide just punishment.

**(a)(2) The need for the sentence imposed—**
**(B) to afford adequate deterrence to criminal conduct**.

Deterrence has been achieved in this case because the public can see that law enforcement caught Gutek at the time he committed this offense, he was charged in federal court, held in custody for six months, and is waiting to be sentenced.

**(a)(2) The need for the sentence imposed—**
**(C) to protect the public from further crimes of the defendant.**

Gutek's time served as well as a period of supervised release will deter further offenses by him as well as provide for his rehabilitation. Gutek admitted his guilt and disclosed that he had a firearm when he was stopped by the police.

**(a)(2) The need for the sentence imposed—**
**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**.

Gutek has serious medical issues related to the injuries to his lungs and heart, which he has been receiving treatment for by his person physicians.

**(a)(3) The kinds of sentences available, and (a)(4) the kinds of sentence and the sentencing range established**.

The Sentencing Guideline range is 30–37 months (offense level 17, criminal history category III). This Court may sentence below the guideline range based on the § 3553(a) factors.

**(a)(5) Any pertinent policy statement**.

The defense is not aware of any pertinent policy statement that this Court should consider when imposing the sentence. There were no exacerbating or aggravating circumstances that would warrant the Court, pursuant to any policy, to impose a sentence at the high end of the guidelines or to depart upward.

Gutek has admitted his guilt, and he should be punished commensurate to the crime and his individualized circumstances, not in accordance with any policy.

**(a)(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct**.

There are no codefendants in this case, and a sentence below the guideline range would not create an unwarranted disparity with other defendants in similar circumstances.

**(a)(7) The need to provide restitution to any victims of the offense**.

"The United States Probation Department has not identified any factors under this section." (PSIR, ECF No. 22, PageID.87).

## Relief Requested

Defendant moves this Honorable Court to apply a downward variance from the guideline range based on the sentencing factors of 18 U.S.C. § 3553(a), or depart downward under the Court's discretionary sentencing authority under *Booker*, and sentence him to time served, a period of time sufficient but not greater

than necessary to comply with the purposes that Congress set forth in 18 U.S.C. §3553(a)(2).

Respectfully submitted,

/s/ *Elias J. Escobedo, Jr.*
ELIAS J. ESCOBEDO, JR. (P37808)
Elias J. Escobedo, Jr., PLLC
Attorney for Defendant
995 W Huron St
Waterford, MI 48328-3729
(248) 682–8400
fax: (248) 682–6212
elias@escobedolaw.com

Dated: January 18, 2023

## Certificate of Service

I certify that on January 18, 2023, I electronically filed the above *Sentencing Memorandum* with the Clerk of the Court using the CM/ECF system, which served the document(s) to the parties of record.

/s/ *Elias J. Escobedo, Jr.*
ELIAS J. ESCOBEDO, JR. (P37808)
Attorney for Defendant